UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HUMBERTO RAFAEL PINA
ROMERO,

        Petitioner,

     v.

SECRETARY MARKWAYNE
MULLIN, U.S. DEPARTMENT OF
HOMELAND SECURITY (DHS); *et
al.*;

        Respondents,

        Case No. 2:26-cv-01899-KCD-KRH

_____/

## <u>ORDER</u>

Petitioner Humberto Rafael Pina Romero has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.) He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. (*Id.* at 24-31.) Respondents oppose the petition. (Doc. 6.)

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like Romero, fall under 8 U.S.C. § 1226. *See Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026). Section "1225 applies to arriving aliens seeking entry at the border, whereas §

1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Romero falls into the latter category since he is not seeking lawful entry. *See Garcia*, 2026 WL 1345914, at *3. So, the "[f]ederal regulations provide that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Romero seemingly requests his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Romero is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Romero with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Romero also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide

2

Romero with a bond hearing as ordered or he remains in custody, he can renew these other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on July 2, 2026.

Kyle C. Dudek
United States District Judge

3